## ATCHLEY VS. REEVES.

Agreement that A, in his own name, should locate a land warrant belonging to S., and convey to him one-half of the land; which was done; the land warrant being afterwards rejected, A entered the land with money, and applied to R, the executor of S, who had died, for one-half of the cost, which was paid. R then demanded a conveyance of one-half of the land to himself, which being refused, he sued A for the money: *Held,* that the one-half of the land so located and conveyed to S. belonged to his estate; that the payment by R was as the executor of S, to be settled in his administration, and that he could not recover back the money from A.

### *Appeal from Saline Circuit Court.*

Hon. John J. Clendenin, Circuit Judge.

Hollowell, for the appellant.

Appellee was acting in a fiduciary capacity in paying half the estimated cost of re-entry, and even had appellant executed a deed to him, equity would have enforced the trust to the benefit of Sawyer's heirs. 3 *Wen.* 368; 5 *J. C. R.* 409; 3 *Dana* 265.

On the subsequent purchase by Atchley, after the entry with the land warrant had been canceled, his deed to Sawyer in his life-time would have enured to the benefit of Sawyer's estate. 15 *Ark.* 73; 5 *Ib.* 693.

We maintain that the money was paid by Reeves in his fiduciary capacity; whether the money actually used was his individual or trust funds, it makes no difference whatever. 1 *Mon.* 251; 6 *J. J. Marsh.* 387; 5 *Dana* 464.

Williams & Martin, for the appellee.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

During the life of Sawyer, an agreement was made between him and Atchley, that the latter should take a land warrant belonging to Sawyer, pay him twenty dollars, locate the warrant on land in Atchley's name, and convey to Sawyer one-half thereof. Atchley performed the agreement on his part, by paying Sawyer the twenty dollars, locating the warrant, and making a deed to Sawyer of one-half the land located, and Sawyer died. The land warrant was rejected at the General Land office ; Atchley returned it to Reeves, who had become the executor of Sawyer, and entered the land with his own money. He then called upon Reeves to pay him one-half of the entrance money, and expenses incurred in entering the land, with which request Reeves complied by paying Atchley twenty-nine dollars and ten cents. Afterwards, Reeves demanded a deed to one-half of the land, to be made to himself, which Atchley refused, unless Reeves would procure the cancellation of the deed from Atchley to Sawyer, which was not done, and Reeves sued Atchley to recover back from him, the twenty-nine dollars and ten cents. He failed in his suit before the justice of the peace, but succeeded in the Circuit Court, to which he appealed; whereupon, Atchley moved for a new trial, and upon its being refused, appealed to this court.

Besides the foregoing statement, the bill of exceptions shows that Sawyer's estate was held liable for the twenty dollars which Atchley had paid on the returned land warrant, and that one witness testified, that Atchley, in reply to Reeves's demand for the money to be refunded, promised to pay it with interest.

This promise, if made, Atchley was not obliged to perform, for he had entered the whole tract of land of which he had conveyed half to Sawyer, and that deed operated to pass the interest that Atchley derived from his entry, and he was entitled to be paid out of Sawyer's estate one-half of what it cost him to enter the land, or to have his deed to Sawyer canceled. Reeves could not cancel the deed, and if Atchley had conveyed the land to Reeves, he would have been assisting to commit a

breach of trust against Sawyer's estate, for the land conveyed by Atchley belonged to the estate, and Reeves had no right on advancing the money to Atchley, to take the conveyance to himself.

Atchley received the money from Reeves on a sufficient, on a valuable and meritorious consideration; although Reeves paid him the money, without any expression that he did it as the executor of Sawyer, Atchley received it as coming to him in payment of land he conveyed to Sawyer, and Reeves and the heirs of Sawyer might well be expected to settle between them the equities concerning the money and the land, if it was Reeves' own money that was advanced to Atchley.

The right judgment was made in the justice's court. There was no evidence to sustain the finding of the Circuit Court, and for that reason, the motion for a new trial should have been granted —not having been done, the judgment of the Circuit Court is reversed, and a new trial must be awarded.